**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRYLE HOOFARD,[1] # S-13698,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-1084-MJR** |
| | ) | |
| **CRAIG FOSTER,** | ) | |
| **DR. CODWELL,** | ) | |
| **MARY KLEIN,** | ) | |
| **and MARJORIE WEATHERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Plaintiff, who was incarcerated at Vandalia Correctional Center ("Vandalia") at the time he filed this suit, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He claims that Defendants were deliberately indifferent to a serious medical condition.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

---

[1] Plaintiff's surname was erroneously entered into the Court's docket as "Hoffard."  However, the correct spelling of his surname is "Hoofard."  (Doc. 1, pp. 1, 6, 8).  The Clerk shall be directed to correct the mistake.

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the factual allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

## The Complaint

Plaintiff states that he was injured on April 16, 2016, when he hit his leg on a trash trailer while he was working at his prison job. (Doc. 1, p. 5). He sought medical help on April 24, 2016. At that time, the unidentified nurse told Plaintiff to "keep an eye on" the wound. *Id*. The next day, Plaintiff's leg "looked like a softball," so he again went to the health care unit. *Id.*

On April 27, 2016, a nurse cut open and drained the wound. Plaintiff returned to health

care the following day and had the dressing changed.  On April 29, 2016, Plaintiff returned for another dressing change, and fluid "sprayed" out of the wound due to the built-up pressure.  *Id*.  He was then sent to an outside hospital.

At Fayette County Hospital, Plaintiff was admitted and treated with intravenous antibiotics.  An unidentified hospital staffer told Plaintiff that he should have been admitted a week earlier due to his condition.

After Plaintiff was released from the hospital, he was housed in the prison's health care unit until May 26, 2016, when he was sent back to the regular housing unit.  He was taken off antibiotics.  However, at the time he filed the Complaint, Plaintiff claimed his leg wound still had not healed.  Further, Fayette County Hospital personnel had recommended that Plaintiff should return every week for follow-up at the wound clinic, but Vandalia staff refused to take Plaintiff back for those checkups.  (Doc. 1, p. 5).

Plaintiff names as Defendants Vandalia Warden Foster, Dr. Codwell, Unit Administrator Klein, and Nurse Supervisor Weathers.  However, the statement of claim does not identify which, if any, of these individuals was responsible for Plaintiff's treatment.

Notably, in the "Grievance Procedure" section of the Complaint, Plaintiff states that he did not present the facts relating to his complaint to the prisoner grievance procedure.  (Doc. 1, p. 4).  Explaining his failure to submit a grievance, Plaintiff writes, "It is a medical issue."  *Id.*

Plaintiff seeks monetary damages.  (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The

designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Codwell, Klein, and Weathers, for delaying and denying treatment for Plaintiff's leg wound;

> **Count 2:** Eighth Amendment deliberate indifference claim against Warden Foster, for the delay and denial of treatment for Plaintiff's leg wound.

Both of the above counts fail to state a claim upon which relief may be granted, and shall be dismissed. Further, the entire action is subject to dismissal due to Plaintiff's failure to exhaust his administrative remedies before filing suit.

On the merits, Plaintiff fails to state a viable claim for deliberate indifference in either Count 1 or Count 2, as he does not connect any of the named Defendants with the actions that delayed his referral to the hospital. Similarly, he does not identify who made the decision to terminate his antibiotics, or who refused to send him back to the hospital's wound clinic for checkups. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For this reason, both claims are subject to dismissal.

Ordinarily, a plaintiff who has made this pleading error would be given the opportunity to submit an amended complaint in order to correct the problem and attempt to state a viable claim.

4

However, in this instance the case must be dismissed without leave to re-plead *in this action*, because of Plaintiff's failure to exhaust his claim through the prison's grievance procedure. Leave to amend need not be granted when such amendment would be futile, as it would be in this case. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

A prisoner must exhaust available administrative remedies prior to filing suit, as required by 28 U.S.C. § 1997e(a). Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." *See also Booth v. Churner*, 531 U.S. 956 (2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). An attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 536-37 (7th Cir. 1999).

Although exhaustion "is an affirmative defense with the burden of proof on the defendants" (*Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011)), the district court may, if obvious from the pleadings, dismiss a prisoner complaint *sua sponte* for failure to exhaust. *See*

5

*also Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).  In the Complaint, Plaintiff clearly states that he never filed a grievance, reasoning that he did not do so because his problem was "a medical issue."  (Doc. 1, p. 4).  Contrary to that belief, complaints over the action or inaction of prison medical providers are indeed subject to the exhaustion requirement, and must be addressed using the prison grievance procedure just like any other situation where a prisoner seeks redress for a problem.  There is no indication that administrative remedies were rendered unavailable to Plaintiff.

Exhaustion is a prerequisite to filing a suit.  Therefore, a prisoner must wait until he has completed the established grievance and appeal process, and may not file in anticipation that administrative remedies will soon be exhausted.  *Perez*, 182 F.3d at 535 (citing 42 U.S.C § 1997e(a)); *Ford*, 362 F.3d at 398.  A suit filed prior to exhaustion of available remedies must be dismissed even if the remedies become exhausted *while* the suit is pending.  *Perez*, 182 F.3d at 535.

Accordingly, this action shall be dismissed without prejudice as prematurely filed.  Plaintiff is free to bring his claims in a new lawsuit, if necessary, after he has fully exhausted his administrative remedies.  As with any newly-filed action, a filing fee shall be assessed if Plaintiff re-files his claims.

<u>**Disposition**</u>

The Clerk is **DIRECTED** to correct the spelling of Plaintiff's surname to **"HOOFARD."**

**COUNTS 1 and 2** are **DISMISSED** on the merits without prejudice, for failure to state a claim upon which relief may be granted.

Further, this action is **DISMISSED without prejudice,** because Plaintiff failed to

exhaust his administrative remedies before filing suit, as required by 28 U.S.C. § 1997e(a).

Plaintiff is **ADVISED** that this dismissal shall **not** count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010) (when case is dismissed in whole or in part for failure to exhaust, no strike is assessed).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  January 30, 2017**

<u>s/ MICHAEL J. REAGAN</u>
Chief Judge
United States District Court